UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff,

  -against-                                    5:12-CV-0248 (LEK/DEP)

DEBORAH YERDON,

                Defendant.
───────────────────────────────────────────

## DECISION and ORDER

**I. INTRODUCTION**

On February 9, 2012, Plaintiff commenced this action alleging that Defendant Deborah Yerdon ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's Motion for summary judgment. Dkt. No. 5 ("Motion"). Defendant has opposed this Motion *pro se*. Dkt. No. 8 ("Response").

**II. BACKGROUND**

Defendant is a resident of Oswego County, New York. Compl. ¶ 1. The Complaint alleges that Defendant executed a promissory note to secure loans from the Department of Education and that she has failed to repay the loans in full. See generally Compl. Plaintiff alleges that the current principal after application of all prior payments, credits, and offsets is $6,880.04; that the current capitalized interest balance and accrued interest is $3,784.02; and that the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) is $10,664.06. Compl. at 2. Defendant filed an Answer to the Complaint on April 9, 2012. Dkt. No. 4. Plaintiff filed its Motion for summary judgment on April 17, 2012.

On May 9, 2012, Defendant filed her Response in opposition to Plaintiff's Motion. Resp.

Defendant generally contends that the Motion and the evidence supporting it are deficient to demonstrate that she in fact owes the requested amount. See generally id. Specifically, Defendant argues that Plaintiff has failed to provide any document that bears her signature and that establishes the amount owed. Id. ¶ 1. Indeed, while the Motion does include a certificate of indebtedness and a signed promissory note, Plaintiff has included only a single page of the promissory note, which bears Defendant's signature but contains no reference to specific dollar amounts or specific loans.[1] Dkt. No. 5-1 at 3. Defendant therefore argues that she "need[s] to conduct discovery" and that she "should be entitled to see the disbursement documents and the payment records." Resp. ¶ 2. Further, Defendant contends that, absent documentation that establishes under which program she borrowed (and therefore owes) the funds, it is unclear whether this matter is time-barred. Id. ¶ 3.

On May 9, 2012, however, Plaintiff filed a supplementary Affidavit in support of its Motion for summary judgment. Dkt. No. 7 ("Affidavit"). Attached to the Affidavit, Plaintiff provided copies of: (1) the 2001 consolidation loan verification certificate; (2) a document signed by Defendant in 2002 selecting an "income contingent" repayment schedule; and (3) the three-page signed promissory note. Id.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the

---

[1] The document is entitled "Promissory Note" and labeled as "Page 1 of 3." Dkt. No. 5-1 at 3.

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

Finally, the submissions of *pro se* litigants should be construed liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

**IV.   DISCUSSION**

The Court finds compelling Defendant's arguments that Plaintiff's Motion failed to provide support for the amount of damages alleged or clarity as to the nature of the loans or the promissory

note.  Inequality of access to information serves as an impediment to full and fair litigation and would allow gamesmanship and strength of representation to trump the interests of justice and the presence of a stronger case.  Indeed, it is this potential imbalance that has spawned the discovery process and the legally-mandated practice of exchanging information.[2]

     Nevertheless, in this case, the Court concludes that the supplemental exhibits submitted with Plaintiff's Affidavit – taken alongside the exhibits submitted with the Complaint and the Motion – are sufficient as a matter of law to resolve any substantial questions of material fact raised in Defendant's response.  While the Court notes that Plaintiff should have been able to provide the more detailed supporting materials with its Motion instead of waiting until the Motion was opposed, Plaintiff has failed to raise any questions about the authenticity of these documents or raise sufficient questions of fact to defeat summary judgment.  Other courts in this circuit have consistently held that the information presently before the Court is sufficient to grant summary judgment in cases where defendants were alleged to have defaulted on their student loan debt.  See, e.g., United States v. Whitaker, No. 09 CV 2983, 2011 WL 5856482, at *2-3 (E.D.N.Y. Nov. 21, 2011) (holding that an executed promissory note and certificate of indebtedness indicating that the defendant defaulted on the loan was sufficient evidence of default to grant summary judgment on the government's claim where the defendant's answer contained only a "conclusory denial of

---

[2] See, e.g., Perry v. Hunt, No. 9:10-CV-1033, 2012 WL 4106459, at *3 (N.D.N.Y. Sept. 18, 2012) (Kahn, J.); William V. Dorsaneo III & Elizabeth G. Thornburg, *Time Present, Time Past, Time Future: Understanding the Scope of Discovery in Texas Courts*, 29 HOUS. L. REV. 245, 26-62 (1992) ("Unless the discovery process operates to equalize access to information, the result of any adversary trial process will be twisted by the lack of full information"); Edson R. Sunderland, *Discovery Before Trial Under the New Federal Rules*, 15 TENN. L. REV. 737, 739 (1939) ("Each party may in effect be called upon by his adversary or by the judge to lay all his cards upon the table, the important consideration being who has the stronger hand, not who can play the cleverer game.").

knowledge and responsibility"); United States v. Brow, No. 01-CV-4797, 2011 WL 2845300, *3 (E.D.N.Y. July 13, 2011) (finding that a promissory note and certificate of indebtedness from the United States Department of Education were sufficient to hold the defendant liable); United States v. Terry, No. 08-CV-3785, 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009).

Therefore, the Court grants Plaintiff's Motion for summary judgment.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 5) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court enter judgment in favor of Plaintiff and against **Defendant in the sum of $10,664.06,[3] plus post-judgment interest calculated pursuant to 28** U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:      February 13, 2013
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] This figure represents the sum of the current principal after application of all prior payments, credits, and offsets ($6,880.04) and the current capitalized interest balance and accrued interest ($3,784.02).